## Buck & Donahue, Inc., v. Parini

*Joseph P. Keliher*, for plaintiff.

*Greevy, Greevy & Knittle*, for defendant.

LARRABEE, P. J., May 2, 1951.—On March 28, 1949, Buck & Donahue, Inc., entered into a written contract with Julius Parini and Nello Parini, trading as Parini Brothers, for excavating and hauling levee embankment material for the Williamsport flood protection

project, and a price was fixed per cubic yard for excavating and hauling the material excavated.

The contract provides, inter alia:

"Measurement of excavation for payment shall be by cross-sections and as computed by the engineers for our monthly payment estimates. Payment for material hauled to the job shall be made on the basis of borrow excavation less any unsuitable material not acceptable for levee embankment. Excavation and disposal of unsuitable material in the borrow pit shall be paid for on the basis of cross-sections of such material in the bank."

. Plaintiff further agreed with defendants as follows:

"Ten days after the end of each estimate period we will pay you for the actual borrow excavation and hauling performed by you during the estimate period."

Attached to the copy of the contract in the complaint, are copies of monthly statements furnished defendants by plaintiff in the months of May 1949 to January 1950, inclusive, which set forth the amount of "borrow" excavation and hauling done down to the twenty-fifth day of the preceding month, and these monthly statements are entitled "progress estimate". Each of these monthly statements is signed in plaintiff corporation's name by H. M. Buck, president.

Nowhere in the contract is the term "progress estimate" used and, as will be noted, it is expressly agreed by the parties that *"measurement of excavation for payment* shall be by cross-sections, and as computed by the engineers for *our monthly payment estimates"*; and it is further stipulated by plaintiff that it will pay defendants 10 days after the end of each estimate period for "the *actual* borrow excavation" and hauling performed by defendants.

Plaintiff brought this action averring that in paying for the work of excavating and hauling of the material referred to plaintiff paid to defendants a sum totaling

$49,296 and further avers that the amount due defendants for the actual excavation and hauling performed by defendants "as of the final estimate period, January 2, 1950, amounted to $48,794.98, thus resulting in an overpayment to defendants of $501.02" for which this suit is brought.

Defendants filed preliminary objections and moved for the dismissal of the complaint and for judgment in favor of defendants on the ground that plaintiff has failed to state a cause of action against defendants, as the contract between the parties expressly provides that "measurement of excavation for payment shall be by cross-sections and as computed by the engineers for our monthly payment estimates".

Argument on the exceptions was duly had and plaintiff set forth in its brief that the so-called "progress estimates" were based on the number of truck loads of material excavated and removed by defendants and that counting the number of truck loads hauled away was the "accepted way of roughly approximating excavation of this type and was so understood by the parties".

However, we are confronted here with a written contract which expressly provides a method by which measurement of the excavation for payment shall be made. In view of this stipulation we conclude that when plaintiff made payments to defendants each month for the amount of material excavated and hauled away it should have followed the method which it had expressly set forth in its contract.

Plaintiff admits these so-called "progress estimates" were not a result of cross-sections for measurement of the material excavated, and computed by plaintiff's engineers, as required by the terms of the contract.

We are of the opinion that if plaintiff saw fit to disregard the manner of measuring the amount excavated for payment to the defendants as set forth in the writ-

ten agreement and proceeded to use another method, to wit, that of estimating the amount excavated by simply counting the number of truck loads hauled away from where the excavating took place, and paid defendants on that basis it did so at its own risk, and it has no cause of action against defendant for the amount alleged to have been overpaid.

Under the method followed by plaintiff in making payments on this so-called monthly "progress estimates" defendants had the right to believe that the monthly payments thus paid represented the actual amount of "borrow" material excavated by them, as the monthly statement expressly states it is for payment of "borrow excavation".

No provision whatever appears in this contract for the adjusting, after the job is completed, of any differences in the measurements of the amount of material excavated and paid for on a monthly basis by the plaintiff.

And now, to wit, May 2, 1951, the preliminary objections are sustained, the complaint is dismissed and judgment is directed to be entered for defendants.